UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIMAL PARTISAN<br>11357 Nuckols Road<br>#138<br>Glen Allen, Virginia 23059<br><br>   *Plaintiff,*<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>   *Defendant.* | Civil Action No. 23-1990 |

## COMPLAINT

Plaintiff Animal Partisan ("Plaintiff") brings this suit against Defendant Federal Bureau of Investigation ("Defendant"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Through FOIA, Plaintiff seeks records related to the FBI's involvement in the North American Meat Institute's Animal Care and Handling Conference. Ex. 1.

2. The conferences at issue here relate to two conferences held by the North American Meat Institute (NAMI). The FBI has confirmed the existence of responsive records, but declined to produce any records under Exemption 7(A) of FOIA. Ex. 2.

## BACKGROUND

3. NAMI is a trade association that represents companies that process 95 percent of beef, pork, veal and 70 percent of turkey products in the United States.[1]

4. Past conferences held by NAMI have publicly featured speakers from the Federal Bureau of Investigations. Ex. 3.

## PARTIES

5. Plaintiff, Animal Partisan, is an animal rights organization dedicated to alleviating the suffering of animals used in agriculture and research through legal action.

6. Defendant, FBI, is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI has possession and control of records requests by Plaintiff.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

8. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9. On October 27, 2022, Plaintiff submitted a FOIA request through the FBI's online portal. Ex. 1. The request sought numerous types of records including records showing the FBI's involvement in two conferences, NAMI's 2020, and 2022 Animal Care and Handling Conferences ("Conferences"). *Id*.

10. On November 2, 2022, Defendant responded stating it was "unable to identify records subject to the [Freedom of Information/Privacy Acts] FOIPA that are responsive to [Plaintiff's]

---

[1] NAMI, *About NAMI*, https://www.meatinstitute.org//index.php/d/sp/i/204/pid/204?ht=d/sp/i/204/pid/204 (last visited June 30, 2023).

2

request" and closed the request. Ex. 4. Defendant also stated if Plaintiff had additional information it should "submit a new request." *Id*. Defendant assigned FOIPA Request No. 1570974-000. *Id*.

11. On November 2, 2022, Plaintiff submitted a renewed request with additional information on the Conferences. Ex. 5.

12. On November 8, 2022, Defendant acknowledged receipt of Plaintiff's additional information and assigned it FOIPA Request No. 1570974-001. Ex.6.

13. On November 15, 2022, after Plaintiff's additional information, Defendant denied the request in full claiming that the responsive records were exempt from disclosure under FOIA Exemption 7(A). Ex. 2. Defendant did not explain how Exemption 7(A) applied to a request for records about public conference attendees and panelists, and instead simply recited the elements which must be met for the exemption to apply. *Id*.

14. On December 1, 2022, Plaintiff submitted an appeal of Defendant's denial to the Department of Justice (DOJ), detailing Plaintiff's argument in Section I(B) of the appeal letter. Ex. 7.

15. On January 30, 2023, the DOJ submitted a letter denying the appeal. Ex. 8.

16. As of the filing of this Complaint, Plaintiff has received zero records in full and zero records with redactions.

## LEGAL FRAMEWORK OF FOIA

17. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

18. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

19. Under FOIA, the federal agency has the burden to sustain its actions. *Id*.

20. FOIA requires that agencies separate any "reasonably segregable portion of the record." 5 U.S.C. 552(b). Information is generally considered reasonably segregable unless exempt and nonexempt information are "inextricably intertwined." *Mead Data Cent., Inc. v. Department of the Air Force*, 566 F.2d. 242, 260 (D.C. Cir. 1977).

21. Exemption 7(A) applies to "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To meet this standard, a two-step inquiry is undertaken. First, the information in the records must be part of a pending or reasonably anticipated law enforcement proceeding, and second the release must be expected to harm the proceeding. *See Juarez v. DOJ*, 518 F.3d 54, 58-59 (D.C. Cir. 2008).

22. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

### CLAIMS FOR RELIEF

### COUNT I – DEFENDANT'S IMPROPER APPLICATION OF EXEMPTION 7(A)

23. The above paragraphs are incorporated by reference.

24. The request seeks the disclosure of agency records and was properly made.

25. FBI is a federal agency subject to FOIA.

26. Included within the scope of the request are one or more records or portions thereof that are not exempt under FOIA.

27. The FBI improperly applied exemption 7(A) to this request.

## COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

28. The above paragraphs are incorporated by reference.

29. The request seeks the disclosure of agency records and was properly made.

30. FBI is a federal agency subject to FOIA.

31. FBI has failed to conduct a reasonable search for records responsive to the request.

## COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS

32. The above paragraphs are incorporated by reference.

33. The request seeks the disclosure of agency records and was properly made.

34. FBI is a federal agency subject to FOIA.

35. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

36. FBI has failed to produce records responsive to the request.

## REQUESTS FOR RELIEF

**WHEREFORE**, Animal Partisan asks the Court to:

   i.   declare that Defendant violated FOIA;

   ii.  order Defendant to conduct a reasonable search for records;

   iii. order Defendant to properly apply FOIA's exemptions;

     iv.    order Defendant to promptly produce all non-exempt responsive records or portions of records;

     v.    enjoin Defendant from withholding non-exempt public records under FOIA;

     vi.    award Animal Partisan attorneys' fees and costs; and,

     vii.    award such other relief the Court considers appropriate.

Dated: July 11, 2023

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
Attorney for Plaintiff,
C. Peter Sorenson
DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com